OPINION
On March 15, 1999, Robert Dial, age fifteen, called the City of Heath Police Department and reported observing an individual in a gas station with a gun in his pants pocket. Mr. Dial gave the police a description of the individual and the individual's license plate number. Mr. Dial also gave police his own name, address and phone number. Upon receiving this information, Officer Pete Kendell proceeded to the gas station and observed a vehicle and an individual matching the description given leaving a different gas station. The individual was appellant, Timothy Kincaid. Officer Kendell effectuated a traffic stop and discovered the gun in appellant's pocket. After an investigation, Officer Kendell charged appellant with driving under the influence in violation of R.C.4511.19. On June 12, 2000, appellant filed a motion to suppress. A hearing was held on July 28, 2000. By judgment entry filed August 24, 2000, the trial court denied the motion. On September 7, 2000, appellant pled no contest. By judgment entry filed same date, the trial court found appellant guilty and sentenced him to one year in jail and ordered him to pay a $500.00 fine plus court costs. Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I. THE TRIAL COURT COMMITTED HARMFUL ERROR IN DENYING THE DEFENDANT-APPELLANT'S MOTION TO SUPPRESS EVIDENCE.
 I
Appellant claims the trial court erred in denying his motion to suppress. We agree. There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. State v. Fanning (1982), 1 Ohio St.3d 19; State v. Klein (1991), 73 Ohio App.3d 485; State v. Guysinger (1993), 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. State v. Williams (1993),86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), 95 Ohio App.3d 93; State v. Claytor (1993), 85 Ohio App.3d 623; Guysinger. As the United States Supreme Court held in Ornelas v. U.S. (1996), 116 S.Ct. 1657, 1663, ". . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal." Appellant claims the United States Supreme Court's decision in Florida v. J.L. (2000), 529 U.S. 266, is controlling. The summary prepared by the Reporter of Decisions at 266-267 states the following: An anonymous tip that a person is carrying a gun is not, without more, sufficient to justify a police officer's stop and frisk of that person. An officer, for the protection of himself and others, may conduct a carefully limited search for weapons in the outer clothing of persons engaged in unusual conduct where, inter alia, the officer reasonably concludes in light of his experience that criminal activity may be afoot and that the persons in question may be armed and presently dangerous. Terry v. Ohio, 392 U.S. 1, 30. Here, the officers' suspicion that J.L. was carrying a weapon arose not from their own observations but solely from a call made from an unknown location by an unknown caller. The tip lacked sufficient indicia of reliability to provide reasonable suspicion to make a Terry stop: It provided no predictive information and therefore left the police without means to test the informant's knowledge or credibility. See Alabama v. White,496 U.S. 325, 327. The contentions of Florida and the United States as amicus that the tip was reliable because it accurately described J.L.'s visible attributes misapprehend the reliability needed for a tip to justify a Terry stop. The reasonable suspicion here at issue requires that a tip be reliable in its assertion of illegality, not just in its tendency to identify a determinate person. This Court also declines to adopt the argument that the standard Terry analysis should be modified to license a `firearm exception,' under which a tip alleging an illegal gun would justify a stop and frisk even if the accusation would fail standard pre-search reliability testing. The facts of this case do not require the Court to speculate about the circumstances under which the danger alleged in an anonymous tip might be so great — e.g., a report of a person carrying a bomb — as to justify a search even without a showing of reliability.
We agree with appellant that the facts in this case are parallel to the facts in Florida except the caller sub judice identified himself when he called the police department to report what he had seen. However, the record does not establish that the caller was known to the police nor that the police had any facts upon which to test the caller's knowledge or credibility. Even though the caller identified himself by name, address and telephone number (T. at 11), the record does not support any indicia of reliability. The sole assignment of error is granted.
The judgment of the Municipal Court of Licking County, Ohio is hereby reversed.
Farmer, J. Edwards, P.J. and Gwin, J. concur.